1
2
3

Thomas P. Riley, SBN 194706
LAW OFFICES OF THOMAS P. RILEY, P.C.
First Library Square
1114 Fremont Ave.
South Pasadena, CA 91030

4
5

Tel:  626-799-9797
Fax:  626-799-9795
TPRLAW@att.net

6
7

Attorneys for Plaintiff
Innovative Sports Management, Inc.,
d/b/a Integrated Sports Media

8
9
10

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

11
12
13
14
15
16
17
18

INNOVATIVE SPORTS MANAGEMENT, INC., d/b/a INTEGRATED SPORTS MEDIA,

Plaintiff,

vs.

MARTHA J. MARTINEZ POLANIAS, individually and d/b/a EL CIELO BAR & GRILL,

Defendant.

Case No. 5:24-cv-06435-EJD

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS APPLICATION FOR DEFAULT JUDGMENT BY THE COURT

Date:  May 1, 2025
Time:  9:00 a.m.
Place:  Courtroom 4, 5th Floor
Judge:  Hon. Edward J. Davila

19
20

TO THE HONORABLE COURT, THE DEFENDANT AND TO HER ATTORNEYS OF RECORD:

21
22
23
24

Plaintiff Innovative Sports Management, Inc., d/b/a Integrated Sports Media (hereinafter "Plaintiff"), by and through its attorneys of record, submits this Memorandum in Support of its Application for Default Judgment against Defendant Martha J. Martinez Polanias, individually and d/b/a El Cielo Bar & Grill (hereinafter "Defendant").

25
26
27
28

For the reasons set forth herein, as well as the reasons set forth in Plaintiff's Application for Default Judgment and  supporting evidence, Plaintiff respectfully requests that its Application for Entry of Default Judgment be granted.

1

2    Dated:  March 12, 2025            /s/ Thomas P. Riley

3                                **LAW OFFICES OF THOMAS P. RILEY, P.C.**
                                 By: Thomas P. Riley
4                                **Attorneys for Plaintiff**
                                 Innovative Sports Management, Inc.,
5                                d/b/a Integrated Sports Media

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**PAGE(s)**

TABLE OF AUTHORITIES ...................................................................................................ii

INTRODUCTION ............................................................................................................3

PROCEDURAL HISTORY...............................................................................................3

ARGUMENT ....................................................................................................................3

I.      PLAINTIFF IS ENTITLED TO DEFAULT JUDGMENT AS THE NINTH
        CIRCUIT FACTORS OUTLINED IN *EITEL v. McCOOL* ARE SATISFIED................3

        A.      The Court Has Subject Matter Jurisdiction Over The Action And Personal
                Jurisdiction Over The Defendant.............................................................8

II.     PLAINTIFF IS ENTITLED TO STATUTORY DAMAGES AND ENHANCED
        DAMAGES AS PERMITTED UNDER THE UNITED STATES CODE.......................8

        A.      The Types Of Damages Available And Their Purpose...........................8

        B.      Plaintiff's Damages Request....................................................................9

        C.      Determining Statutory Damages..............................................................9

        D.      Determining Enhanced Damages...........................................................12

        E.      The Award Requested By Plaintiff Comports With The Ninth Circuit's
                Suggestion Of An Appropriate Award....................................................15

III.    PLAINTIFF IS ENTITLED TO DAMAGES FOR CONVERSION.............................16

IV.     PLAINTIFF IS ENTITLED TO SEEK COSTS AND REASONABLE ATTORNEYS'
        FEES.........................................................................................................................16

CONCLUSION................................................................................................................16

1

## <u>TABLE OF AUTHORITES</u>

2

**PAGE(s)**

3
## <u>CASES</u>

4    *Adobe Systems Inc. v. Kern*,
     2009 WL 5218005 (N.D. Cal. Nov. 24, 2009) ...................................................................4-5, 8
5
     *Bein v. Brechtel-Jochim Group, Inc.*,
6    6 Cal. App. 4th 1387 (1992) ...................................................................................................... 7

7    *Cable/Home Commc'n Corp. v. Network Prods., Inc.*,
     902 F.2d 829 (11th Cir. 1990) ................................................................................................ 10
8
     *Danning v. Lavine*,
9    572 F.2d 1386 (9th Cir. 1978) ................................................................................................... 8

10   *Directv, Inc. v. Webb*,
     545 F.3d 837 (9th Cir. 2008) ................................................................................................. 5-6
11
     *Eitel v. McCool*,
12   782 F.2d 1470 (9th Cir. 1986) ............................................................................................... 3-8

13   *F.A.A. v. Cooper*,
     566 U.S. 284 (2012) ................................................................................................................. 9
14
     *Fair Housing of Marin v. Combs*,
15   285 F.3d 899 (9th Cir. 2002) ................................................................................................ 4, 8

16   *Foster v. A and R Media Fund, LLC*,
     2019 WL 7877400 (C.D. Cal. Oct. 29, 2020) ......................................................................... 6
17
     *G & G Closed Circuit Events, LLC v. Liu*,
18   45 F. 4th 1113 (9th Cir. 2022) .................................................................................................. 5

19   *G & G Closed Circuit Events, LLC v. Macias*,
      2021 WL 2037955 (N.D. Cal. May 21, 2021) ............................................................... 6, 8, 16
20
     *G & G Closed Circuit Events, LLC v. Segura*,
21   No. 21-16381, 2022 WL 1499650 (9th Cir. May 12, 2022) .................................................. 10

22   *International Shoe Co. v. Washington*,
     326 U.S. 310 (1945) ................................................................................................................. 8
23
     *J & J Sports Productions, Inc. v. Acevedo*,
24   2010 WL 1980849 (E.D. Ark. May 13, 2010) ....................................................................... 10

25   *J & J Sports Productions, Inc. v. Bolano*,
     2015 WL 4512322 (N.D. Cal. July 24, 2015) ...................................................................... 5-6
26
     *J & J Sports Productions, Inc. v. Lopez-Lopez*,
27   2018 WL 4204584 (E.D. Cal. Sept. 4, 2018) ............................................................... 4, 9, 14-15

28

*J & J Sports Productions, Inc. v. Marcaida,*
2011 WL 2149923 (N.D. Cal. May 31, 2011) ....................................................5, 13-14

*J & J Sports Productions, Inc. v. Salgadobarajas,*
2014 WL 3053485 (N.D. Cal. July 3, 2014) ............................................................4-5

*J & J Sports Productions, Inc. v. Sanchez,*
2011 WL 5041022 (S.D. Cal. Oct. 24, 2011) ..........................................................5, 6

*J & J Sports Productions, Inc. v. Segura,*
2018 WL 1868271 (N.D. Cal. Apr. 19, 2018) .........................................................9, 12

*Joe Hand Promotions, Inc. v. Bernal,*
2013 WL 1402464 (E.D. Cal. April 5, 2013) ...............................................................7

*Joe Hand Promotions, Inc. v. Dang My Linh,*
2006 WL 8435988 (E.D.N.Y. Sept. 25, 2006) ......................................................11, 15

*Joe Hand Promotions, Inc. v. Gamino,*
2011 WL 66144 (E.D. Cal. Jan. 10, 2011) ...................................................................9

*Joe Hand Promotions, Inc. v. Sheedy,*
2011 WL 4089534 (D.S.C. July 29, 2011) .................................................................12

*J & J Sports Productions, Inc. v. Tilakamonkul,*
2011 WL 2414550 (E.D. Cal. June 10, 2011) .............................................................14

*Kingvision Pay-Per-View Ltd. v. Lake Alice Bar,*
168 F.3d 347 (9th Cir. 1999) ...............................................................................5, 15-16

*Nintendo of Am., Inc. v. Dragon Pac. Int'l,*
40 F.3d 1007 (9th Cir. 1994) ......................................................................................10

*Philip Morris USA v. Castworld Prods., Inc.,*
219 F.R.D. 494 (C.D.Cal. 2003) ...................................................................................4

*Pinkerton's, Inc. v. Superior Court,*
49 Cal. App. 4th 1342 (1996) ........................................................................................6

*Securities & Exchange Comm'n v. Internet Solutions for Business, Inc.,*
509 F.3d 1161 (9th Cir. 2007) .......................................................................................7

*Trackman v. Kenney,*
187 Cal. App. 4th 175 (2010) ........................................................................................7

*Tyrone Pac. Intern., Inc. v. MV Eurychili,*
658 F.2d 664 (9th Cir. 1981) .........................................................................................4

*Vallies v. Sky Bank,*
591 F.3d 152 (3d Cir. 2009) ........................................................................................10

*Virgin Records America, Inc. v. Cantos,*
2008 WL 2326306 (S.D. Cal. June 3, 2008) ................................................................7

## STATUTES AND RULES

United States

28 U.S.C. § 1331.................................................................................................................... 8

28 U.S.C. § 1367.................................................................................................................... 8

47 U.S.C. § 605.............................................................................................................. passim

47 U.S.C. § 553................................................................................................................... 4-6

Fed. R. Civ. P. 4.................................................................................................................... 7

California

Cal. Civ. Code § 3336........................................................................................................ 16

Code Civ. Proc. § 415.20...................................................................................................... 7

## INTRODUCTION

Plaintiff is an international distributor of sports and entertainment programming. By contract, Plaintiff purchased the domestic commercial exhibition rights to broadcast the *Ecuador v. Colombia Soccer Match,* telecast nationwide on Tuesday, October 17, 2023 (hereinafter the "Program"). *Cplt.* ¶ 15 (Dkt. No. 1); *Jacobs Aff.* ¶ 3. This *Program* included all interviews and game commentary encompassed in the television broadcast of the event. *Id.; Jacobs Aff.* ¶ 3. Pursuant to the contract granting Plaintiff its distribution rights, Plaintiff entered into sub-licensing agreements with various commercial establishments to permit the public exhibition of the Program. *Cplt.* ¶ 16; *Jacobs Aff.* ¶ 3. Without the authorization of Plaintiff, Defendant unlawfully intercepted, received, and exhibited the Program at her commercial establishment, El Cielo Bar & Grill, located at 2650 Alum Rock Ave., San Jose CA 95116. *Cplt.* ¶¶ 20-21; *Decl. of Affiant*.

## PROCEDURAL HISTORY

Plaintiff filed its Complaint on September 12, 2024. (Dkt. No. 1). Defendant was served on November 13, 2024. (Dkt. No. 13). The validity of service is addressed in Argument Section I, *infra*. Default was entered against Defendant on January 24, 2025. (Dkt. No. 15). Plaintiff now seeks default judgment against Defendant.

## ARGUMENT

I.     PLAINTIFF IS ENTITLED TO DEFAULT JUDGMENT AS THE NINTH CIRCUIT FACTORS OUTLINED IN *EITEL v. McCOOL* ARE SATISFIED.

The factors to be considered in ruling on an application for default judgment are: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir.

1986). "In applying this discretionary standard, default judgments are more often granted than denied." *Philip Morris USA v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003). Upon entry of default, all well-pleaded facts in the complaint are taken as true, save those related to the amount of damages. *Fair Housing of Marin v. Combs,* 285 F.3d 899, 906 (9th Cir. 2002).

With respect to prejudice, Plaintiff will be prejudiced if default judgment is not entered because it has sustained injury as a result of the actions of Defendant and without default judgment, Plaintiff will be left without a judicial resolution to its claims and without other recourse for recovery. *J & J Sports Productions, Inc. v. Salgadobarajas,* 2014 WL 3053485, at *2 (N.D. Cal. July 3, 2014) (denying "default judgment would be prejudicial because Plaintiff would be left without a remedy as a result of Defendant's refusal to litigate this action."); *J & J Sports Productions, Inc. v. Lopez-Lopez,* 2018 WL 4204584, at *2 (E.D. Cal. Sept. 4, 2018) ("It is indisputable that having done everything the law required to engage the defendant in defense of the suit without success, in the absence of a default judgment plaintiff will be unable to vindicate its rights. There can be no greater prejudice.").

The second and third *Eitel* factors "require that Plaintiff's allegations state a claim upon which it may recover." *Adobe Systems Inc. v. Kern*, 2009 WL 5218005, at *3 (N.D. Cal. Nov. 24, 2009) (internal quotation omitted). To prevail under 47 U.S.C. § 605 or 47 U.S.C. § 553, Plaintiff must demonstrate that it has a proprietary interest in the *Program* and that Defendant unlawfully intercepted, received, published, divulged, and/or exhibited the Program the *Program* at El Cielo Bar & Grill without the authorization of Plaintiff. 47 U.S.C. § 605(a); 47 U.S.C. § 553(a). Plaintiff may only recover under one of these sections, and Plaintiff addresses why this Court should award judgment under 47 U.S.C. § 605 below. To prevail on the conversion claim, Plaintiff must demonstrate ownership or right to possession of property, wrongful disposition of the property right by Defendant, and damages. *Tyrone Pac. Intern., Inc. v. MV Eurychili*, 658

F.2d 664, 666 (9th Cir. 1981). Plaintiff's Complaint properly alleges the elements of the above causes of action and, therefore, the first two factors of the *Eitel* analysis are satisfied. *See Cplt.* ¶¶ 1-26, 27-32, 33-36; *see J & J Sports Productions, Inc. v. Coria*, 2015 WL 1089044, at *3 (N.D. Cal. Feb. 27, 2015) ("The merits of Plaintiff's claims stand uncontested and certainly the Complaint states a claim upon which relief may be granted."). The fifth factor is satisfied when the facts are well-pleaded. *Adobe Systems,* 2009 WL 5218005 at *6. The Northern District has found this factor satisfied based on similar allegations. *E.g. J & J Sports Productions, Inc. v. Bolano,* 2015 WL 4512322, at *2 (N.D. Cal. July 24, 2015*)*; *Salgadobarajas,* 2014 WL 3053485 at *2. In piracy cases, the allegations of the complaint, in conjunction with the affidavit of an investigator, are sufficient to satisfy this prong. *E.g. J & J Sports Productions, Inc. v. Sanchez*, 2011 WL 5041022, at *2 (S.D. Cal. Oct. 24, 2011).

There is a split of authority regarding whether an interception, reception or publication may violate both 47 U.S.C. §§ 605 and 553, but the Northern District has applied section 605 to radio (or satellite) violations section 553 to cable violations. *See J & J Sports Productions, Inc. v. Marcaida,* 2011 WL 2149923, at *2 (N.D. Cal. May 31, 2011); *Bolano,* 2015 WL 4512322 at *3. The Ninth Circuit has confirmed the application of 47 U.S.C. § 605 to satellite television signals. *Directv, Inc. v. Webb*, 545 F.3d 837, 844 (9th Cir. 2008); *G & G Closed Circuit Events, LLC v. Liu*, 45 F. 4th 1113, 1116 (9th Cir. 2022). However, the Ninth Circuit has not ruled on whether there is an overlap. *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 349, n.1 (9th Cir. 1999). Plaintiff's Complaint alleges the existence of a satellite transmission and re-transmission to satellite companies, and the subsequent interception, receipt and/or publication thereof. *Cplt.* ¶¶ 19, 23-24, and thus the threshold finding required for liability under 47 U.S.C. § 605 is satisfied. A finding of liability under section 605 is also in keeping with the observation

that obtaining direct evidence of signal piracy is difficult. *Webb*, 545 F.3d at 844 ("The law does not require direct evidence to support a factual finding. Circumstantial evidence may be sufficiently persuasive. Signal piracy is by its very nature a surreptitious venture and direct evidence may understandably be hard to come by."). In light of the foregoing, the Court may enter default judgment with respect to Plaintiff's 47 U.S.C. § 605 claim.[1]

Defendant owns and operates the establishment as a d/b/a. *See Cplt.* ¶¶ 7, 8; *Riley Decl.*, Ex. 1. For purposes of this case, Defendant is the commercial establishment and is directly responsible for the activities therein. *See Pinkerton's, Inc. v. Superior Court*, 49 Cal. App. 4th 1342, 1348 (1996).

As to the amount of money at stake, the amounts requested by Plaintiff for its federal claim, $4,000 in statutory damages and $20,000 in "enhanced" statutory damages, are reasonable in that they are within the statutory limits. *See e.g.* 47 U.S.C. §§ 605(e)(C)(3)(i)(II), (e)(3)(ii); *see Sanchez*, 2011 WL 5041022 at *2. Plaintiff actually requests substantially less than total amount available under section 605. Moreover, in view of the Court's discretion with respect to damages, regardless of the amount requested, default judgment would be proper. *See Bolano*, 2015 WL 4512322 at *2. The amount Plaintiff seeks for its conversion count, $1,000.00, is the value of the property at the time of its conversion. *Jacobs Aff.* ¶ 8; *Foster v. A and R Media Fund, LLC,* 2019 WL 7877400, at *3 (C.D. Cal. Oct. 29, 2020) (in breach of contract action, request for damages "exactly proportional to the harm" weighed in favor of default judgment).

---

[1] Even with the satellite allegations in the Complaint, certain Northern District Courts have found that it is more appropriate to award damages under 47 U.S.C. § 553. *E.g. G & G Closed Circuit Events, LLC v. Macias*, 2021 WL 2037955, at *3-4 (N.D. Cal. May 21, 2021).

Next, there is no evidence that the failure of Defendant to respond was due to excusable neglect. Defendant was validly served. *Proof of Service* (Dkt. No. 13). A sworn proof of service constitutes "prima facie evidence of valid service which can be overcome only by strong and convincing evidence." *Securities & Exchange Comm'n v. Internet Solutions for Business, Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007). Federal Rule of Civil Procedure 4(e)(1) allows for the "borrowing" of a state service of process provision. California, in turn, allows for substitute service at a usual place of business on "a person apparently in charge." Code Civ. Proc. § 415.20(b). Defendant was served at her usual place of business, to wit, El Cielo Bar & Grill, through a person apparently in charge. (Dkt. No. 13 at 3, 4). As noted in the accompanying Declaration of Diligence, Plaintiff attempted to serve Defendant on three occasions. (*Id.* at 4). This is sufficient for purposes of substitute service. *See Bein v. Brechtel-Jochim Group, Inc.*, 6 Cal. App. 4th 1387, 1391-92 (1992) (two or three unsuccessful attempts at personal service satisfied reasonable diligence and allows substitute service to be made). After being unsuccessful, Plaintiff effectuated service by leaving it with a person in charge at Defendant's business address. (*Id.*). Plaintiff then mailed the documents as required by Rule 415.20(b). (Dkt. Nos. 13 at 5-6). Such substitute service has consistently been upheld. *See Trackman v. Kenney*, 187 Cal. App. 4th 175, 182-83 (2010); *Joe Hand Promotions, Inc. v. Bernal*, 2013 WL 1402464, at *2 (E.D. Cal. April 5, 2013). That the individual served on behalf of Defendant was a Jane Doe is of no import. *Trackman*, 187 Cal. App. 4th at 182-83 ("Persons in apparent charge of businesses and residences often refuse to give their true legal names. For this reason, it is an accepted practice to name such a person as 'John Doe' or similar fictitious name, or by description."). The failure of Defendant to respond despite being properly served establishes that her default was not due to excusable neglect. *Virgin Records America, Inc. v. Cantos*, 2008 WL 2326306, at *3 (S.D. Cal. June 3, 2008).

The last *Eitel* factor weighs in favor of the Defendant. Of course, this factor arguably always weighs against default judgment; moreover, "[a] defendant's failure to answer the plaintiff's complaint makes a decision on the merits impractical, if not impossible." *Adobe Systems,* 2009 WL 5218005 at *6 (citation omitted). Finally, this factor, standing alone, is not enough to preclude default judgment. *Id.*

When all of the *Eitel* factors are considered, default judgment is appropriate.

A.    The Court Has Subject Matter Jurisdiction Over The Action And Personal Jurisdiction Over The Defendant.

This Court may exercise subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a). With respect to personal jurisdiction, Defendant is the owners / operator of a commercial establishment in California such that it is beyond any reasonable dispute that she is subject to personal jurisdiction in this Court. *See International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *see Macias*, 2021 WL 2037955 at *2.

II.    PLAINTIFF IS ENTITLED TO STATUTORY DAMAGES AND ENHANCED DAMAGES AS PERMITTED UNDER THE UNITED STATES CODE.

Defendant's default serves as an admission of Plaintiff's well-pled allegations of fact with respect to liability. *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 978). Default, however, does not establish damages. *Fair Housing of Marin*, 285 F.3d at 906.

A.    The Types Of Damages Available And Their Purpose.

Under 47 U.S.C. § 605, a party may, at its discretion, recover either actual or statutory damages. 47 U.S.C. § 605(e)(3)(C). Plaintiff elects statutory damages. The amount of statutory damages shall be not less than $1,000.00 nor more than $10,000.00. 47 U.S.C. § 605(e)(3)(C)(i)(II). The Court may also award enhanced damages of up to $100,000 when "the violation was committed  willfully and for the purposes of direct or indirect commercial

advantage or private financial gain . . . ." 47 U.S.C. § 605(e)(3)(C)(ii). In addition to

compensation, a primary goal of piracy awards is deterrence, *J & J Sports Productions, Inc. v.*

*Segura*, 2018 WL 1868271, at *5 (N.D. Cal. Apr. 19, 2018) ("*Segura II*"), and the statutes

contemplate specific and general deterrence. *Joe Hand Promotions, Inc. v. Gamino*, 2011 WL

66144, at *4 (E.D. Cal. Jan. 10, 2011) ("the amount of damages awarded should be . . . adequate

to deter these Defendants and others from committing similar acts in the future").

      B.    <u>Plaintiff's Damages Request.</u>

The *Program* was observed being broadcast at El Cielo Bar & Grill by investigator

William L Thomas III. *Decl. of Affiant.* Mr. Thomas estimated the capacity of the establishment

to be 60, and he counted between 30-24 patrons while he was present. *Id.* at 1. Mr. Thomas

observed the *Program* on the seven screens (six individual televisions and then 6 more

televisions combined in the bar area to create one large screen). *Id.* The commercial fee to obtain

the *Program* lawfully was $1,000.00. *Jacobs Aff.* ¶ 8. In keeping with the analysis below,

Plaintiff requests $4,000 in statutory damages and $20,000 in enhanced statutory damages, for a

total award under Section 605 of $24,000. This is approximately 22% of the total amount of

damages available for a violation of section 605. *See* 47 U.S.C. § 605(e)(3)(C)(i)(II) and (C)(ii)

(providing for up to $110,000 per violation). These awards satisfy the dual purposes of

compensating Plaintiff and acting as a deterrent against future acts of piracy by both this

Defendant and others. *See Lopez-Lopez,* 2018 WL 4204584 at *4.

      C.    <u>Determining Statutory Damages.</u>

Actual damages and statutory damages are not synonymous. "'[A]ctual damages' is a

legal term of art and it is a cardinal rule of statutory construction that, when Congress employs a

term of art, it presumably knows and adopts the cluster of ideas that were attached to each

borrowed word in the body of learning from which it was taken." *F.A.A. v. Cooper*, 566 U.S.

284, 292 (2012) (internal citations/quotations omitted); *see Vallies v. Sky Bank*, 591 F.3d 152, 157 (3d Cir. 2009) ("[a]ctual damages are treated differently from statutory damages and have their own definition."). As the Ninth Circuit has observed, "statutory damages may serve completely different purposes than actual damages." *Nintendo of Am., Inc. v. Dragon Pac. Int'l*, 40 F.3d 1007, 1011 (9th Cir. 1994). One such purpose is that actual damages are often difficult to prove. *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 850 (11th Cir. 1990). This is particularly true in a default judgment situation. *See J & J Sports Productions, Inc. v. Acevedo*, 2010 WL 1980849, at *2 (E.D. Ark. May 13, 2010) (awarding statutory maximums under section 605 and noting that, "[b]ecause Defendants failed to appear, it is impossible to calculate the full extent of the profits lost by Plaintiff and the additional damages sustained by Plaintiff as a result of Defendants' unlawful actions.").

In *G & G Closed Circuit Events, LLC v. Segura*, No. 21-16381, 2022 WL 1499650, at *1 (9th Cir. May 12, 2022) ("*Segura I*") (unpub.), the Ninth Circuit upheld an award of the licensing fee as statutory damages, holding that, "[i]t is not error for a district court to consider estimated actual damages as a factor in determining the amount of statutory damages, so long as the damages award falls within the statutorily authorized range." While the Ninth Circuit upheld the award, the Ninth Circuit did not say that the licensing fee alone is *per se* the proper measure of statutory damages. *See Id.* Rather, the Ninth Circuit held that the court may consider "estimated actual damages *as a factor* in determining the amount of statutory damages[.]" *Id.* (emphasis added). Plaintiff respectfully submits it is not the only factor. To ascertain what else may be considered, the actual damages provision of section 605 itself is instructive:

> (i)    the party aggrieved may recover the actual damages suffered by him as a result of the violation and any profits of the violator that are attributable to the violation which are not taken into account in computing the actual damages; in determining the violator's profits, the party aggrieved shall be required to prove only the violator's gross revenue, and the violator shall be required to prove his

deductible expenses and the elements of profit attributable to factors other than the violation [.]

47 U.S.C. § 605(3)(3)(C)(i)(I). Under this language, a violator's profits may be awarded separately or as a component of the actual damages themselves. Either way, a violator's profit is implicated. In a default situation, however, Plaintiff cannot establish a violator's profit.

In *Joe Hand Promotions, Inc. v. Dang My Linh*, 2006 WL 8435988, at *2 (E.D.N.Y. Sept. 25, 2006), the district court addressed various methods employed to calculate damages and found, particularly in the default judgment context, that they are too punitive to the plaintiff:

> The mathematical approach or the consideration of aggravating factors makes sense in a contested matter, where both sides have appeared and all of the facts have been placed before the Court. However, when a defendant has failed to answer legal process and defaulted in a case, the application of such factors unfairly penalizes the plaintiff. . . . [W]hile it is reasonable to require a plaintiff to undertake some investigation before bringing this kind of action, as plaintiff here has done, we have to recognize that with statutory damages of $10,000 per violation, there is only so much digging that a court can expect a plaintiff to perform.

> Thus handicapped by defendants' decision to not only violate the law, but to ignore the process of this Court, this Court believes that the $10,000 statutory maximum should be the presumptive amount awarded in a single violation case absent any indication in the record of mitigating circumstances. To hold otherwise would encourage defendants caught red-handed to ignore legal process in the recognition that judicial discretion is the only defense they have. This Court will not give them that defense at the cost of punishing plaintiff.

*Id.* (emphasis added). Plaintiff does not ask the Court to award the maximum statutory damages available. Rather, Plaintiff requests 40% of the total amount available under 47 U.S.C. § 605(e)(3)(C)(i)(II). The rationale of *Dang Ly*, however, explains why statutory damages should go beyond reimbursement, particularly in the default context.

In *Segura II*, the Northern District awarded $5,400 in statutory damages, three times the licensing fee, and noted, "if the infringing party was only awarded actual damage[es], he would be encouraged to unlawfully exhibit the Program, because the odds of being caught are low."

2018 WL 1868271, at *6 In *Segura II*, the program was "displayed on two televisions, including a 70+" projection screen, and there were between 28-34 patrons present." *Id.* In *Segura II* the defendant was also a repeat offender and that fact entered into the Court's analysis; Defendant herein is not a repeat offender. Here, Plaintiff requests a higher multiplier, but a smaller total amount ($4,000 vs. $5,400). *See Joe Hand Promotions, Inc. v. Sheedy,* 2011 WL 4089534, at *3 (D.S.C. July 29, 2011) (awarding five times the licensing fee as statutory damages).

      D.      <u>Determining Enhanced Damages.</u>

Enhanced statutory damages may be awarded when "the violation was committed willfully and for the purposes of direct or indirect commercial advantage or private financial gain . . . ." 47 U.S.C. § 605(e)(3)(C)(ii). As the language of the statute indicates, there are two components to the analysis: 1) willfulness; and 2) for the purposes of direct or indirect commercial advantage or private financial gain. As to the second component, the action must be "for the *purposes* of" commercial advantage or private financial gain. *See Id.* (emphasis added). In other words, there need not be an *actual* advantage or gain.

Plaintiff acknowledges that certain enhancement factors (e.g., repeat offender status, cover charge, or advertising) are not present in this case. Plaintiff respectfully submits, however, that the absence of such factors is not dispositive of whether Defendant acted willfully and for the purposes of direct or indirect commercial advantage or private financial gain, and that the absence of such factors does not preclude an award of enhanced statutory damages. First, Mr. Jacobs' testimony supports that Defendant acted willfully and for the purposes of financial gain or commercial advantage. *Jacob's Aff.* ¶¶ 9, 14-19. More importantly, even in the absence of the factors noted above, courts in the Northern District have awarded enhanced damages. In *J & J Sports Productions, Inc. v. Coria*, 2015 WL 1089044 (N.D. Cal. Feb. 27, 2015), the Court adopted, "in every respect[,]" a report and recommendation awarding

$2,200 in statutory damages (the cost of the licensing fee) and a $4,400 enhancement. *Id.* at *1. As noted in the report and recommendation, which was reproduced in the district court opinion itself, there were 30-32 patrons in the establishment and the program was broadcast on two televisions. *Id.* at *5. In awarding enhanced statutory damages, the Court held:

> In light of Defendants' affirmative misconduct and in order to deter future willful violations, the Court finds that Plaintiff is entitled to $4,800.00 in enhanced damages, which is double the statutory award. The court finds that this amount is appropriate *given that there is no allegation that Defendant is a repeat offender, there was no coverage charge, there is no evidence that food and beverage prices were increased.*

*Id.* at *5 (footnote omitted) (emphasis added).[2] While Plaintiff believes it is entitled to more than what was awarded in *Coria,* it nonetheless establishes that the Northern District awards enhanced statutory damages even for what it considers non-egregious violations.

In *Marcaida*, the Northern District found that "because of the extreme unlikelihood that Defendant inadvertently acquired the signal to display the fight, coupled with Defendant's failure to appear in this lawsuit, the Court finds that Defendant acted willfully and for the purposes of commercial advantage and enhanced damages are warranted." 2011 WL 2149923 at *3. In *Marcaida*, the program was displayed on two forty-inch television sets, the capacity was seventy-five, and the investigator counted thirty-five patrons. *Id.* at *1. Against that backdrop, *Marcaida* awarded three times the licensing fee as damages (or $6,600):

> Nevertheless, the Court notes that signal piracy is a pervasive and increasing problem and that a primary purpose of § 605 is to deter such conduct. . . . The need to deter future piracy *by Defendant and others* requires an award substantially higher than the cost Defendant would have incurred to purchase a license to lawfully exhibit the program. . . . Balancing *the relatively small impact of Defendant's misconduct* with the deterrent purpose of the statute, the Court

---

[2] There appears to be a typographical error in the opinion. The enhanced damages were $4,400, which was stated earlier in the opinion, and which represented "double" the licensing fee.

finds that an award equal to three times the price Defendant would have had to pay to lawfully purchase the program is an appropriate sanction in this case. The Court therefore awards $6,600 to Plaintiff for Defendant's willful violation of § 605.

*Id.* at *4 (internal citation omitted). In *Marcaida* the Court did not differentiate between statutory and enhanced statutory damages; however, the reference to "Defendant's willful violation" implies that at least a portion of the award was an enhancement. While Plaintiff believe the *Marcaida* award was too low, it nonetheless confirms that the Northern District awards enhanced statutory damages even for what it considers non-egregious violations.

In *J & J Sports Productions, Inc. v. Tilakamonkul*, 2011 WL 2414550 (E.D. Cal. June 10, 2011), the district court noted that:

> Defendant's establishment is a medium sized, dine in and take out, family restaurant, with a maximum capacity of approximately sixty patrons. . . . Plaintiff's investigator, noted that [the establishment] was "in very good condition" and is located "within the incorporated city limits of Merced." The restaurant's dining area contains a sixty-inch projection style television set, sitting on an entertainment center in the southeast corner of the room . . . . [The investigator] conducted three head counts. Each of the three counts revealed that eight persons were present.

*Id.* at *3. After taking these factors into account, *Tilakamonkul* held:

> In light of the foregoing, this Court will recommend that the maximum statutory damages be awarded, to wit: $10,000.00. Moreover, because Defendant's actions were willful, coupled with the fact that the establishment is in very good condition, in an incorporated part of Merced, yet the number of patrons present during the exhibition of the pirated Program was low, the Court will also recommend that enhanced damages of $20,000.00 be awarded.

*Id.* at *4. The facts of this case are comparable to those in *Tilakamonkul*. There were 5 patrons herein, as compared to 8 patrons in *Tilakamonkul,* and the *Program* was shown on one television in each. In *Tilakamonkul* the establishment rated "very good[;]" here it rates "good." *Decl. of Affiant* at 1. Plaintiff, however, requests $9,000 less than the award in *Tilakamonkul*.

In *Lopez-Lopez,* 2018 WL 4204584, the district court awarded $10,000 in statutory damages and $35,000 in enhanced statutory damages against an establishment that was showing

1    the program on four screens to 23 people; the capacity was 50. *Id.* at *2, 4.[3] In making its award,

2    the *Lopez-Lopez* Court noted that it was "exercis[ing] its discretion in setting a penalty for the

3    uncontested violation of the Act at a level intended not only to punish the present defendant but

4    to make clear that these incursions will be treated with the severity necessary pursuant to the

5    Acts of Congress." *Id.* at *4.

6          In view of the foregoing, there is sufficient support for the Court to award Plaintiff the

7    damages its requests. As noted in *Dang My Linh,* "[i]f this analysis is incorrect, the defendants

8    may finally choose to emerge into the light of our legal system, as there are procedures for

9    addressing undue hardship, whether in this Court or others." 2006 WL 8435988 at *2.

10

11         E.    The Award Requested By Plaintiff Comports With The Ninth Circuit's
                 Suggestion Of An Appropriate Award.

12

13         In *Lake Alice Bar,* the Ninth Circuit noted that "[t]he range in the statutory award might

14   allow for a sanction that deters but does not destroy." 168 F.3d at 350. *Lake Alice Bar* is

15   instructive because it is an example of the Ninth Circuit evaluating an appropriate piracy award.

16   In *Lake Alice Bar,* the district court originally awarded $80,400 on default judgment. *Id.* at 349.

17   At a hearing on a later motion to vacate the default judgment, the district court granted the

18   defendant an opportunity to make an oral motion to reduce the award, and entered a reduction.

19   *Id.* at 350. On appeal, the Ninth Circuit found this reduction procedurally improper and

20   remanded so that both parties could be heard on the issue of damages. *Id.* In the course of

21   entering its opinion, the Ninth Circuit opined that "[d]epending on the circumstances, a low *five*

22

23

24

25

26   _____
     [3] The *Lopez-Lopez* order actually says $35,000 in statutory damages and $10,000 in enhanced

27   damages. This appears to be an editing error.

28

*figure* judgment may be a stiff fine that deters, while a high five figure judgment puts a bar out of business." *Id.* at 350 (emphasis added). Plaintiff requests a low five-figure judgment.[4]

## III.    PLAINTIFF IS ENTITLED TO DAMAGES FOR CONVERSION.

Damages for conversion are based on the value of the property at the time of the conversion. Cal. Civ. Code § 3336. In this case, Plaintiff requests $1,000.00 in conversion damages (the amount Defendant would have had to pay to broadcast the *Program* lawfully). *Jacobs Aff.* ¶ 8. The Northern District has granted conversion damages in addition to statutory damages. *See Coria,* 2015 WL 1089044 at *6; *Macias,* 2021 WL 2037955 at *6.

## IV.    PLAINTIFF IS ENTITLED TO SEEK COSTS AND REASONABLE ATTORNEYS' FEES.

47 U.S.C. § 605 mandates an award of costs and reasonable attorneys' fees to an aggrieved party who prevails. 47 U.S.C. § 605(e)(3)(B)(iii). Plaintiff requests that it be granted 14 days from the entry of judgment to submit its Motion for costs and attorneys' fees.

## **CONCLUSION**

Based on the foregoing, default judgment against Defendant and in favor of Plaintiff is proper and should be entered with respect to Plaintiff's claims under 47 U.S.C. § 605 and Plaintiff's claim for conversion in the amounts requested herein.

Respectfully submitted,

Dated:  March 12, 2025                    */s/ Thomas P. Riley*

**LAW OFFICES OF THOMAS P. RILEY, P.C.**
By: Thomas P. Riley
Attorneys for Plaintiff
Innovative Sports Management, Inc.,

---

[4] *Lake Alice Bar* is not controlling on the issue of damages, and does not mandate a five-figure judgment. It is cited as persuasive authority.

1    d/b/a Integrated Sports Media

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### **PROOF OF SERVICE**

I declare that:

I am employed in the County of Los Angeles, California.  I am over the age of eighteen years and not a party to the within cause; my business address is First Library Square, 1114 Fremont Avenue, South Pasadena, California 91030.  I am readily familiar with this law firm's practice for collection and processing of correspondence/documents for mail in the ordinary course of business.

On March 12, 2025, I caused to serve the following document entitled:

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS APPLICATION FOR DEFAULT JUDGMENT BY THE COURT

On all parties referenced by enclosing a true copy thereof in a sealed envelope with postage prepaid and following ordinary business practices, said envelope was addressed to:

Martha J. Martinez Polanias
2650 Alum Rock Avenue
San Jose, CA 95116

The fully sealed envelope with pre-paid postage was thereafter placed in our law firm's outbound mail receptacle in order that this particular piece of mail could be taken to the United States Post Office in South Pasadena, California later this day by myself (or by another administrative assistant duly employed by our law firm).

I declare under the penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct and that this declaration was executed on March 12, 2025, at South Pasadena, California.

Dated:  March 12, 2025                    _/s/ Leticia Estrada_____
                                          LETICIA ESTRADA