UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| INNOVATIVE SPORTS MANAGEMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> MARTHA J. MARTINEZ POLANIAS, <br><br> Defendant. | Case No. 24-cv-06435-EJD <br><br> **ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** <br><br> Re: ECF No. 18 |

Plaintiff Innovative Sports Management, Inc. sued Defendant Martha J. Martinez Polanias for violations of two federal statutes, violation of a California state statute, and conversion. Compl., ECF No. 1. Defendant has neither answered nor appeared in the action, so Plaintiff now moves for default judgment. The Court finds the motion suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). For reasons stated below, the Court GRANTS the motion for default judgment.

**I.   BACKGROUND**

Plaintiff is a New Jersey corporation operating principally in New Jersey. Compl. ¶ 6. It was granted the exclusive nationwide commercial distribution rights to the *Ecuador v. Columbia Soccer Match* telecast on October 17, 2023 (the "Program"). *Id.* ¶ 15. Pursuant to contract, Plaintiff entered into sublicensing agreements with commercial entities across North America, which granted these entities the right to publicly exhibit the Program in their commercial establishments. *Id.* ¶ 16. Defendant is the owner of El Cielo Bar & Grill, operating in San Jose,

Case No.: 24-cv-06435-EJD
ORDER GRANTING MOT. FOR DEFAULT J.
1

1  California. *Id.* ¶ 7.  Plaintiff alleges that Defendant herself or through her employees unlawfully

2  intercepted, received, and published the Program at El Cielo Bar & Grill.  *Id.* ¶ 11.

3      Plaintiff filed this action on September 12, 2024, alleging claims under 47 U.S.C. § 605

4  (Communications Act of 1934), 47 U.S.C. § 553 (The Cable & Television Consumer Protection

5  and Competition Act of 1992), and California Business & Professions Code § 17200.  Compl.

6  Plaintiff also alleges that Defendant is liable for conversion.  *Id.*  Plaintiff served Defendant with

7  the summons and complaint on November 12, 2024.  ECF No. 13.  On January 23, 2025, after

8  Defendant failed to appear or respond, Plaintiff moved for entry of default, ECF No. 14, and the

9  Clerk of the Court entered default the next day.  ECF No. 15.  On March 12, 2025, Plaintiff filed

10  the motion for default judgment now before the Court and served Defendant with a copy on the

11  same day.  ECF No. 18.  To date, Defendant has neither appeared in this action nor responded.

## II. LEGAL STANDARD

Courts may grant default judgment if a party fails to plead or otherwise defend against an action for affirmative relief.  Fed. R. Civ. P. 55(a).  Discretion to enter default judgment rests with the district court.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  When deciding whether to enter default judgment, a court considers:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the underlying default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).  In evaluating these factors, all factual allegations in the complaint are taken as true, except those relating to damages.  *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987).

## III. DISCUSSION

### A. Jurisdiction

Before entering default judgment, a court must determine whether it has subject matter jurisdiction over the case and personal jurisdiction over the defendant.  *See In re Tulli*, 172 F.3d

Case No.: 24-cv-06435-EJD
ORDER GRANTING MOT. FOR DEFAULT J.

2

707, 712 (9th Cir. 1999). Here, Plaintiff alleges violations of 47 U.S.C. § 605, 47 U.S.C. § 553, and California Business & Professions Code § 17200, as well as state law conversion. Compl. The Court has federal question jurisdiction over the two claims arising under federal statutes pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the state law claims because they arise out of the same facts as the federal law claims such that the state law claims are part of the same case or controversy. 28 U.S.C. § 1367(a); *see United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). The Court has personal jurisdiction over Defendant because she has purposefully availed herself of the privilege of operating her business within California, and Plaintiff's claims arise out of such business activities. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). Venue lies properly within this district pursuant to 28 U.S.C. § 1391, and service has been properly effected. ECF No. 13.

### B.     *Eitel* Factors

#### 1.     Possibility of Prejudice to Plaintiff

Under the first *Eitel* factor, the Court considers whether the plaintiff will suffer prejudice if default judgment is denied. *Bd. of Trustees, I.B.E.W. Local 332 Pension Plan Part A v. Delucchi Elec., Inc.*, No. 5:19-CV-06456-EJD, 2020 WL 2838801, at *2 (N.D. Cal. June 1, 2020) (citing *PepsiCo, Inc. v. Cal. Security. Cans,* 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002)). A plaintiff is prejudiced if it would be "without other recourse for recovery" because the defendant failed to appear or defend against the suit. *JL Audio, Inc. v. Kazi*, No. 516CV00785CASJEM, 2017 WL 4179875, at *3 (C.D. Cal. Sept. 18, 2017).

Here, since Defendant has not appeared in this matter, Plaintiff will be without any other recourse for recovery unless default judgment is granted. *Oomph Innovations LLC v. Shenzhen Bolsesic Elecs. Co.*, No. 5:18-cv-05561-EJD, 2020 WL 5847505, at *2 (N.D. Cal. Sept. 30, 2020). The first *Eitel* factor thus weighs in favor of entering default judgment.

#### 2.     Substantive Merits and Sufficiency of the Complaint

Courts often consider the second and third *Eitel* factors together. *I.B.E.W. Local 332*, 2020 WL 2838801, at *2 (citing *PepsiCo*, 238 F. Supp. 2d at 1175). These factors assess the

Case No.: 24-cv-06435-EJD
ORDER GRANTING MOT. FOR DEFAULT J.
3

substantive merits of the movant's claims and the sufficiency of the pleadings. The movant must "state a claim on which [it] may recover." *PepsiCo*, 238 F. Supp. 2d at 1175 (citation omitted).

Plaintiff asserts four causes of action in its complaint.[1] The Court addresses whether Plaintiff has sufficiently pled each claim in turn.

***47 U.S.C. § 605.*** Section 605 "prohibits commercial establishments from intercepting and broadcasting to its patrons satellite cable programming." *Kingvision Pay–Per–View v. Guzman*, No. C09–00217, 2009 WL 1475722, at *2 (N.D. Cal. May 27, 2009). Here, Plaintiff alleges it transmitted the Program via satellite signal to its sub-licensees. Compl. ¶¶ 19–20. Defendant allegedly intercepted this signal and broadcasted it to her patrons at El Cielo Bar & Grill without authorization. *Id.* These allegations taken as true are sufficient to plead violation of section 605.

***47 U.S.C. § 553.*** Though section 553 is similar to section 605, there is a key difference. "A signal pirate violates section 553 if he intercepts a cable signal, [and] he violates section 605 if he intercepts a satellite broadcast. But he cannot violate both by a single act of interception." *J & J Sports Prods., Inc. v. Manzano*, No. C–08–01872 RMW, 2008 WL 4542962, at *2 (N.D. Cal. Sept. 29, 2008). The Court recognizes that there is a split of authority concerning whether a plaintiff may recover under both section 605 and section 553. *See, e.g.*, *Kingvision Pay-Per-View v. Guzman*, No. C 09-00217 CRB, 2009 WL 1475722, at *2 (N.D. Cal. May 27, 2009). But it need not reach that issue in this case. In the first instance, Plaintiff has moved for default judgment only with respect to the section 605 claim. *See* ECF No. 18-1 at 6. Further, Plaintiff's complaint fails to provide more than a conclusory statement that Defendant's alleged interception violates section 553. Compl. ¶ 29. Plaintiff does not allege that Defendant intercepted a cable signal, as opposed to just the satellite broadcast. As such, the section 553 claim fails to meet the second and third *Eitel* factors.

***Conversion.*** "To establish conversion, a plaintiff must show: (1) plaintiffs' ownership or

---

[1] In its Motion for Default Judgment, Plaintiff requests entry of default judgment only with respect to its claims for violation of 47 U.S.C. § 605 and conversion. ECF No. 18. However, because the second and third *Eitel* factors focus on the sufficiency of the complaint, the Court analyzes each claim asserted therein.

Case No.: 24-cv-06435-EJD
ORDER GRANTING MOT. FOR DEFAULT J.
4

right to possession of the property at the time of the conversion; (2) defendants' conversion by a wrongful act or disposition of plaintiffs' property rights; and (3) damages." *Joe Hand Promotions, Inc. v. Roseville Lodge No. 1293*, 161 F. Supp. 3d 910, 916 (E.D. Cal. 2016) (citing *Tyrone Pac. Intern., Inc. v. MV Eurychili*, 658 F.2d 664, 666 (9th Cir.1981)). The right to distribute programming via satellite has been recognized as a right to possession of property under California law. *Id.* (citation omitted).

Here, Plaintiff alleges it has the exclusive right to distribute satellite broadcasts of the Program. Compl. ¶ 15. Plaintiff further alleges that Defendant wrongfully converted Plaintiff's property right in the Program, causing damages to Plaintiff. *Id.* ¶¶ 34–36. Accordingly, Plaintiff has sufficiently pled conversion.

***Cal. Bus. & Prof. Code § 17200.*** To bring a claim under section 17200, California's Unfair Competition Law ("UCL"), a plaintiff must "(1) establish a loss or deprivation of money or property sufficient to quantify as injury in fact, i.e., *economic injury*, and (2) show that the economic injury was the result of, i.e., *caused by*, the unfair business practice." *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322 (2011) (emphasis in original). Here, Plaintiff alleges that Defendant intercepted the satellite broadcast without authorization to gain a commercial advantage or financial gain to Plaintiff's detriment. Compl. ¶¶ 40–41. As a proximate result, Plaintiff suffered financial injury from being deprived of the patronage of potential sublicensees. *Id.* ¶ 44. The Court finds these allegations taken as true to be sufficient to plead a violation of section 17200.

In sum, all but Plaintiff's section 553 claim satisfies the second and third *Eitel* factors.

### 3. Sum of Money in Dispute

"When the money at stake in the litigation is substantial or unreasonable, default judgment is discouraged." *Bd. of Trustees v. Core Concrete Cost., Inc.*, No. C 11-02532 LB, 2012 WL 380304, at *4 (N.D. Cal. Jan. 17, 2012), *report and recommendation adopted*, 2012 WL 381198 (N.D. Cal. Feb. 6, 2012). However, "where the sum of money at stake is tailored to the specific misconduct of the defendant, default judgment may be appropriate." *Id.* Here, Plaintiff seeks a

Case No.: 24-cv-06435-EJD
ORDER GRANTING MOT. FOR DEFAULT J.
5

total of $24,000 under section 605 and $1,000 for conversion. ECF No. 18 at 3. The Court addresses the proper amount of judgment below, but for purposes of this *Eitel* factor, the proposed range is sufficiently tailored to Defendant's alleged misconduct.

#### 4. Possibility of Dispute Concerning Material Facts

*Eitel* requires the Court to consider whether there is a possibility of a dispute over material facts. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Defendant has neither appeared nor defended this action, and Plaintiff's allegations stand undisputed. Upon entry of default by the Clerk of the Court, the factual allegations of the complaint related to liability are taken as true. *Shaw v. Five M, LLC*, No. 16-cv-03955-BLF, 2017 WL 747465, at *4 (N.D. Cal. Feb. 27, 2017). The Court finds that the possibility of dispute concerning material facts is minimal and does not weigh against default judgment. *Oomph Innovations LLC v. Shenzhen Bolsesic Elecs. Co.*, No. 5:18-cv-05561-EJD, 2020 WL 5847505, at *4 (N.D. Cal. Sept. 30, 2020).

#### 5. Excusable Neglect

The Court next considers whether Defendant's default is the result of excusable neglect. *Eitel*, 782 F.2d at 1472. Plaintiff served Defendant with the complaint and summons. ECF No. 13. There is no indication that Defendant's default is due to excusable neglect.

#### 6. Strong Policy Favoring Decisions on the Merits

Although public policy strongly favors deciding each case on its merits, default judgment is appropriate where a defendant refuses to litigate a case and where default judgment is the plaintiff's only recourse against the defendant. *See Core Concrete,* 2012 WL 380304, at *4; *Carlson Produce, LLC v. Clapper*, No. 18-cv-07195-VKD, 2020 WL 533004, at *5 (N.D. Cal. Feb. 3, 2020); *see also United States v. Roof Guard Roofing Co.*, No. 17-cv-02592-NC, 2017 WL 6994215, at *3 (N.D. Cal. Dec. 14, 2017) ("When a properly adversarial search for the truth is rendered futile, default judgment is the appropriate outcome."). Here, Defendant has not appeared and apparently refuses to litigate. *Oomph Innovations,* 2020 WL 5847505, at *4. Thus, the final *Eitel* factor also favors default judgment.

* * *

Case No.: 24-cv-06435-EJD
ORDER GRANTING MOT. FOR DEFAULT J.

6

Overall, the *Eitel* factors support default judgment as to all of Plaintiff's claims except for its section 553 claim. Therefore, Plaintiff's motion for default judgment on its section 605 and conversion claims is GRANTED.

### C.   Relief Requested

#### 1.   Section 605 Damages

Plaintiff seeks damages under 47 U.S.C. §§ 605(e)(3)(C)(i)(II) and (e)(3)(C)(ii) in the amounts of $4,000 and $20,000, respectively. ECF No. 18 at 3. 47 U.S.C. § 605 allows courts to award statutory damages between $1,000 and $10,000 for each violation of section 605 it deems just. *See* 47 U.S.C. § 605(e)(3)(C)(i)(II). The statute also allows the court to increase its award by no more than $100,000 when the violation has been "committed willfully and for purposes of direct or indirect commercial advantage or private financial gain." 47 U.S.C. § 605(e)(3)(C)(ii).

Plaintiff begins its damages calculation with the $1000 fee it paid to license the Program. ECF No. 18-1 at 9; Jacobs Decl. ¶ 8. Then, because Plaintiff's investigator observed 30-34 patrons and seven screens displaying the Program at Defendant's establishment, *see* Thomas Decl. at 1, Plaintiff requests that a 4x multiplier be applied. ECF No. 18-1 at 12. The Court finds the resulting $4,000 amount under section 605(e)(3)(C)(i)(II) to be just and reasonable given the circumstances. Therefore, the Court GRANTS Plaintiff's request for $4,000 in statutory damages.

In seeking enhanced damages under section 605(e)(3)(C)(ii), Plaintiff proffers a declaration to support its assertion that Defendant violated section 605 willfully and for the purpose of commercial advantage or financial gain. *E.g.*, Jacobs Decl. ¶¶ 9, 14–19. Instead of submitting evidence of willfulness and commercial advantage or private financial gain, Plaintiff urges the Court to recognize that signal piracy inherently requires willful acts performed for commercial benefit. *Id.* ¶ 15. The Court declines to make such an assumption. Here, as Plaintiff admits, Defendant is not a repeat offender, did not assess a cover charge, and did not engage in promotional advertising. ECF No. 18-1 at 12. Absent these enhancing factors, the Court DENIES Plaintiff's request for $20,000 for willful violation. *See Kingvision Pay-Per-View, Ltd. v. Backman*, 102 F. Supp. 2d 1196, 1198 (N.D. Cal. 2000) (finding no evidence of significant

Case No.: 24-cv-06435-EJD
ORDER GRANTING MOT. FOR DEFAULT J.
7

"commercial advantage or private financial gain" where there was no promotional advertising, no premium for food and drink, no cover charge to enter the establishment, and 16 patrons at the time of the violation).

### 2. Conversion Damages

Plaintiff also seeks $1,000 in conversion damages. ECF No. 18 at 3. Damages for conversion are presumed to be the value of the property at the time of the conversion. Cal. Civ. Code § 3336. Here, Plaintiff's request for $1,000 in conversion damages based on the license fee Defendant would have paid to broadcast the Program lawfully is reasonable and sufficiently concrete. However, the Court has already granted Plaintiff's request for statutory damages under section 605, so an award of conversion damages based on the same loss would be duplicative. *See Joe Hand Promotions, Inc. v. Santana*, 964 F. Supp. 2d 1067, 1076 (N.D. Cal. 2013) ("Courts have 'subsumed' conversion damages under statutory damages where the statutory damages are sufficient to compensate the plaintiff for its loss."). Thus, the Court DENIES Plaintiff's request for $1,000 in conversion damages.

### 3. Costs and Attorneys' Fees

Under section 605, a prevailing party is entitled to recover full costs and reasonable attorneys' fees. 47 U.S.C. § 605(e)(3)(B)(iii). Plaintiff requests that it be granted 14 days from the entry of judgment to submit its motion for costs and attorneys' fees. ECF No. 18-1 at 16. As such, the Court DEFERS ruling on Plaintiff's request for attorneys' fees at this time.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for default judgment. Plaintiff shall file its motion for attorneys' fees within **fourteen (14) days** of this Order. Plaintiff shall file its bill of costs pursuant to Civil Local Rule 54-1.

**IT IS SO ORDERED.**

Dated: April 4, 2025

EDWARD J. DAVILA
United States District Judge

Case No.: 24-cv-06435-EJD
ORDER GRANTING MOT. FOR DEFAULT J.
8